UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br><br> V. <br><br> BRANDON EWING <br>     Defendant. | CRIMINAL NO. 5:18-115-KKC <br><br><br> **ORDER AND OPINION** |

This matter is before the Court on two Motions in Limine by the government to preclude the introduction evidence at trial. (DE 16 and 19). This Order addresses the government's motion to preclude the victim's prior assault victim status (DE 16) and Dr. John Hunsaker III's testimony and related evidence (DE 19). For the reasons stated below, the Court **ORDERS** that both motions are **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

Defendant Ewing was charged with assault within maritime and or territorial jurisdiction resulting in bodily injury under 18 USC § 113(a)(6). The government filed two Motions in Limine to preclude evidence. (DE 16 and 19). The government's first Motion in Limine seeks to preclude evidence concerning the victim's crime of incarceration and prior assault victim status (DE 16), and the government's second Motion in Limine seeks to preclude testimony and related evidence by Dr. Hunsaker (DE 19). During the telephone conference on February 6, 2019, this Court denied the government's Motion in Limine to preclude evidence concerning the victim's crime of incarceration as moot. (DE 36.) Accordingly, this Order only addresses the government's Motion in Limine to preclude evidence of the victim's prior assault victim status and Motion in Limine to preclude the testimony and related evidence of Dr. Hunsaker.

1

## II. ANALYSIS

### A. Government's Motion in Limine to preclude evidence concerning the victim's prior assault status. (DE 16).

The government's Motion in Limine to preclude evidence concerning the victim's prior assault status seeks an order from this Court "prohibiting defense counsel from eliciting any testimony or otherwise introducing any evidence or arguments concerning…prior, unrelated assault[s] of [the victim." (DE 16 at 1.) Defense has indicated an intent to use evidence of previous assaults on the victim to support that the victim was an aggressor, which prompted the Defendant to act in self-defense, and to show a potential intervening cause of death. (*See* DE 26 at 2-5.)

Federal Rule of Evidence 404(a) allows a defendant to offer evidence of an alleged victim's pertinent trait. Such evidence may be proved by testimony about the person's reputation or by testimony in the form of an opinion. Fed. R. Evid. 405. Federal Rule of Evidence 404(b) prohibits the use of crimes, wrongs, or other acts to prove a person's character to show that on a particular occasion, the person acted in accordance with the character. However, specific instances of conduct may be used to prove character when the trait is an essential element of a charge, claim, or defense. Fed. R. Evid. 405. Further, such evidence may be admissible for another purpose, including but not limited to, motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake. Fed. R. Evid. 404(b)(2). Some courts have also permitted such evidence in the context of self-defense to prove the defendant's state of mind or reasonableness of force. *See United States v. Keiser*, 57 F.3d 847, 852-53 (9th Cir. 1995).

In the present case, defense seeks to introduce evidence related to the victim's prior assault status to support that the victim was an aggressor, which prompted the Defendant to act in self-defense, and to show a potential intervening cause of death. (DE 26 at 2-5.) Based on FRE 404 and 405, the Defendant may only offer reputation and opinion evidence of the victim's character as an aggressor and may not use specific instances of crimes, wrongs, or other acts to show that

in this case, the victim acted in accordance with that character. The government, in fact, does not contest the Defendant's use of reputation and opinion evidence, if it exists, to support that the victim was an aggressor or provocateur in this instance. (DE 32 at 4.) Accordingly, to the extent that the government's Motion in Limine seeks to preclude specific instances of crimes, wrongs, or other acts related to the victim's prior assaults for the purpose of proving the victim's character, it is granted. However, the Defendant may have the ability to introduce specific instances of crimes, wrongs, or other acts related to the victim's prior assaults if a proper purpose is identified, a foundation is laid, and the Court determines the evidence is relevant and nonprejudicial. Should either party find that specific instance evidence related to the prior victim's assaults becomes relevant in light of other evidence introduced at trial, counsel shall approach the bench, lay the proper foundation, and request permission of this Court to admit the evidence.

Defense would also like the ability introduce evidence related to the prior victim's assault status to support that the victim did not suffer a serious bodily injury "as a result" of a confrontation with the defendant. (DE 26 at 4.) Defense seems to be asserting that the jury should have the opportunity to review evidence related to the victim's prior assaults to determine whether there was some intervening cause of death. (DE 26 at 4.) To support the intervening cause analysis, defense wants to use evidence of the victim's medical records showing health complications deriving from past assaults and testimony by Dr. Hunsaker indicating a history of health complications caused by prior assaults. (DE 26 at 2-4.)

An intervening cause is one that supersedes the defendant's conduct such that the causal link between the defendant's conduct and the victim's injury is broken. *See Wilson v. Sentry Ins.*, 993 F.Supp.2d 662, 665-66 (6th Cir. 2014). It is not necessary that the defendant's conduct be the sole cause of harm. *Id. See also Billingslea v. Jackson*, 83 F. Appx. 33, 42 (6th Cir. 2003). His conduct need only be a contributory cause that was a substantial factor in producing the

harm. *Id.* Moreover, a defendant is responsible when he inflicts an injury that materially accelerates a death, even if the death is "proximately occasioned by a preexisting cause." 40 C.J.S. Homicide § 12; *See also United States v. Long Feather*, 299 F.3d 915 (8th Cir. 2002). Stated differently, a defendant must take his victim as he finds him. *Long Feather*, 299 F.3d at 917; *Brackett v. Peters*, 11 F.3d 78, 81 (7th Cir. 1993).

While this Court certainly recognizes that an intervening cause is an appropriate defense to the crime charged, this Court is not persuaded that the Defendant has any evidence of an intervening cause. The medical records relating to the victim's past assaults filed by the Defendant do not reveal an intervening cause because they provide absolutely no evidence of a superseding cause. (*See* DE 30.) At most, the medical records show that the victim had preexisting injuries which caused him to be particularly vulnerable. The victim's preexisting injuries, however, are not relevant because a defendant must take his victim as he finds him. *Long Feather*, 299 F.3d at 917. Furthermore, the written opinion of Dr. Hunsaker provided to this Court also does not identify an intervening cause. (*See* DE 18-1.) If anything, Dr. Hunsaker identified a contributing cause of death. The opinion states that Dr. Hunsaker agrees with the pathologist's determination that the victim's injuries were caused by a closed head injury, but that he would have added "anticoagulation therapy" as a contributory cause of death. (DE 18-1 at 3.) But this identified contributory cause is not intervening or superseding. Instead, it is an identification of a preexisting condition or vulnerability of the victim which heightened his susceptibility to injury. The fact that Dr. Hunsaker refers to the victim as a "ticking timebomb" and states that there is "no scientific methodology to pinpoint when the injuries happened" is irrelevant because he is expounding upon his identification of the victim's overall physical condition along with a potential contributory cause, not opining as to an intervening cause.

At this time, the Court does not find the victim's prior assault status to be relevant. Should the parties uncover evidence of an intervening cause or otherwise find that evidence related to

4

the victim's prior assault status becomes relevant, counsel shall approach the bench, lay the proper foundation, and request permission of this Court to admit the evidence.

**B. Government's Motion in Limine to preclude testimony of Dr. John Hunsaker, III, and related evidence. (DE 19).**

The government's Motion in Limine to preclude testimony of Dr. Hunsaker and related evidence seeks an order from this Court (1) precluding the testimony of Dr. Hunsaker and (2) prohibiting defense counsel from eliciting any testimony or otherwise introducing any evidence or arguments concerning the Defendant's specific intent, lack thereof, or the victim's condition at the time of the alleged assault. (DE 19 at 1.) The government asserts that such evidence is not relevant because 18 U.S.C. § 113 only requires general intent, not specific intent to harm. (DE 19 at 2.) Defense asserts that such evidence is relevant to whether the Defendant had "intent to commit assault." (DE 27 at 1.)

The Defendant is charged with assault which resulted in serious bodily injury in violation of § 113(a)(6). There are only three elements to a conviction under § 113(a)(6): (1) an assault; (2) on federal territory; and (3) resulting in serious bodily injury. *United States v. Pego*, 567 F. App'x 323, 328 (6th Cir. 2014). Assault under § 113 includes common law assault and battery (physical touching). *United States v. Stewart*, 568 F.2d 501, 504 (6th Cir. 1978). Serious bodily injury includes any of the following: (a) a substantial risk of death; (b) extreme physical pain; (c) protracted and obvious disfigurement; (d) protracted loss or impairment of the function of a bodily member, organ, or mental faculty. *See* 18 U.S.C. § 1365(h)(3); *Pego*, 567 F. App's at 328. Assault resulting in bodily injury is a general intent crime, and a specific intent to do harm is not an element of § 113(a)(6). *United States v. Patrick*, No. 09-31-GFVT, 2012 WL 29381, at *6 (E.D. Ky. Jan. 3, 2014). General intent is satisfied by proof that a defendant committed a volitional act that he knew or reasonable should have known was wrongful. *United States v. McInnis*, 976 F.2d 1226, 1234 (9th Cir. 1992); *United States v. Osborne*, 164 F.3d 434, 437 (8th Cir. 1999); *United States v. Benally*, 146 F.3d 1237 (10th Cir. 1998). Stated differently, general

intent to assault only requires the defendant have intent to do the act which causes injury. *Id*. Accordingly, assault resulting in serious bodily injury only requires that the defendant assault the victim and that assault happens to result in a serious bodily injury. *United States v. Davis*, 237 F.3d 942, 944 (8th Cir. 2001).

Defense purports that Dr. Hunsaker's testimony and related evidence is relevant to showing that the Defendant intended to commit an assault. (DE 27 at 1.) The Defendant relies on Kentucky tort law to support his argument, which states that an assault requires a showing of either intention or wanton disregard as to the effect of the defendant's actions. (DE 27 at 3.) While we do agree that there does need to be an intent to assault—meaning an intent to do the act which causes injury—Defendant's reliance on Kentucky law is wholly inapplicable to the present case brought under federal law.

Defense asserts that Dr. Hunsaker's opinion as to the victim's medical status "will enlighten the jury as to the Defendant's intention and/or wanton disregard to commit assault." (DE 27 at 3.) We disagree. Dr. Hunsaker's opinion, as written and filed with this Court, does not tend to show that is more or less probable that the Defendant committed an assault. His opinion does not provide any information whatsoever as to whether the Defendant possessed general intent to assault—intent to do the volitional act which caused injury to the victim. (*See* 18-1.) Moreover, Dr. Hunsaker was not present during the altercation and seemingly has no personal knowledge as to whether the defendant intended to do the act which caused injury to the victim. Accordingly, based on what the Court knows at this time, Dr. Hunsaker's testimony does not appear to be relevant. Because specific intent to injure is not required under § 113, this Court will prohibit all testimony and arguments concerning the Defendant's specific intent to injure for lack of relevance. However, we will not order a blanket preclusion Dr. Hunsaker's testimony and evidence related to the victim's condition at the time of the alleged assault. The Court recognizes that this evidence could become relevant in another context or in light of other

6

evidence introduced at trial. Should defense find that such evidence becomes relevant, counsel shall approach the bench, lay the proper foundation, and request permission of this Court to admit the evidence.

### III. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

(1) To the extent the Government's Motion in Limine to Preclude Evidence Concerning the Victim's Prior Assault Status (DE 16) seeks to preclude specific instances of crimes, wrongs, or other acts related to the victim's prior assaults for the purpose of proving the victim's character, it is **GRANTED**. To the extent it seeks to preclude specific instance of crimes, wrongs, or other acts related to the victim's prior assaults for all purposes, it is **DENIED**.

(2) To the extent the Government's Motion in Limine to Preclude Testimony of Dr. John Hunsaker, III and Related Evidence (DE 19) seeks to preclude all testimony and arguments concerning the Defendant's specific intent to injure, it is **GRANTED**. To the extent it seeks a blanket preclusion of all testimony by Dr. Hunsaker and evidence related to the victim's condition at the time of the alleged assault, it is **DENIED**.

Dated February 11, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY